Kenneth JAMAIL, Appellant,

v.

The STATE of Texas, Appellee.

No. 56863.

Court of Criminal Appeals of Texas, En Banc.

Dec. 13, 1978.

---

Jimmy James, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and R. P. Cornelius, Asst. Dist. Attys., Houston, for the State.

Before the court en banc.

## OPINION

VOLLERS, Judge.

This is an appeal from a conviction for delivery of cocaine. Appellant entered a plea of guilty before the court and his punishment was assessed at confinement in the Texas Department of Corrections for five (5) years.

Appellant's sole contention is that the trial court failed to properly admonish him as required by V.T.C.A., C.C.P. Article 26.-13, by failing to state that the court is not bound by any recommendation of the prosecuting attorney, before the court accepted his guilty plea. The relevant portions of Article 26.13 in effect at the time of appellant's plea provided that:

    (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

        *    *    *    *    *    *

    (2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

        *    *    *    *    *    *

    (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

The record reflects that on February 7, 1977 appellant filed with the clerk the following documents: (1) "Plea of Guilty" which includes affirmations that appellant waived his rights to arraignment and the reading of the indictment, voluntarily pled guilty and fully understood "that the judge is not bound to follow recommendations, if any, concerning punishment herein . . ." This document was signed by appellant, his trial attorney, and further reflected, in the form of an entered order, the acceptance of the plea by the trial court;[1] (2) "Waiver of Trial by Jury in Felony less than Capital" which is signed by appellant and approved by both his trial counsel and the court; (3) "Stipulation of Evidence" which includes waivers of appellant's rights to appearance, confrontation and cross-examination of witnesses, as well as his right against self incrimination, and also contained a hand-written admission of guilt, signed by appellant and approved by his attorney and the trial court.

---

1. See verbatim recitation of "Plea of Guilty" form executed and filed in *Williams v. State*, 522 S.W.2d 483, 484–85 (Tex.Cr.App.1975), which is identical to the one used here with the exceptions, of course, of information filled into blanks.

On February 7, 1977, upon entry of appellant's guilty plea, the trial court's admonishment was as follows:

THE COURT: All right, you waive arraignment and the reading of the indictment?

MR. ANDREWS [Defense Counsel]: We do, Your Honor.

THE COURT: All right. What is your plea to the indictment? You're charged—you know what you're charged with—delivery of a controlled substance, cocaine.

THE DEFENDANT: Yes, sir.

THE COURT: What is your plea?

THE DEFENDANT: Guilty.

THE COURT: You pleading guilty solely because you are guilty and not based upon any consideration of fear or hope of pardon or force or anything along that line?

THE DEFENDANT: Yes, sir. Yes, sir.

THE COURT: You want to waive a jury and try it before the Court?

THE DEFENDANT: Yes, sir.

THE COURT: You have that right to try it.

THE DEFENDANT: Yes, sir.

THE COURT: I can give you anything from ten to two years and/or $5,000 fine. That's the range of punishment. Is it twenty?

MR. STRIPLING [Prosecutor]: Five to life. Delivery of cocaine is first.

THE COURT: Oh, this is first. I can give you anywhere from 5 to life or 99 years. That's a great difference; isn't it? I'm not saying that I am. But I'm saying that I could do it if I want to. All right. You're in your right mind; you know exactly what you're doing; you're pleading guilty solely because you want to and because you are guilty?

THE DEFENDANT: Yes, sir.

THE COURT: All right, sir. Good enough for me."

The prosecutor was then allowed to question appellant as to whether he had read the "Plea of Guilty" document, consulted with his attorney regarding its contents and found all statements in it to be true. On concluding the questioning, the prosecutor had the "Plea of Guilty" form marked and introduced as State's Exhibit No. 1, whereupon the court inquired:

THE COURT: What is . . . your recommendation?

[PROSECUTOR]: Your Honor, this is for a presentence investigation, *without a recommendation* from the District Attorney's office. (Emphasis supplied.)

The court proceeded to order that a presentence investigation be made[2] and then stated:

THE COURT: * * * Based upon the testimony, I find you guilty as charged in the indictment and order a presentence investigation which we'll . . . give them one month to complete . . . .

■ It is undisputed that the trial court did not orally admonish appellant that the court was not bound to follow any recommendation as to punishment made by the State. It is likewise undisputed that the State made no recommendation. Therefore, at the outset we are confronted with the question of whether, when no recommendation exists, the trial court is nevertheless required to advise the accused that he is not bound by "any" recommendation in order for the court's admonishment to be in substantial compliance with the requisites of Article 26.13, supra.[3] We hold that the trial court is not so required.

2. Such order was apparently made pursuant to appellant's Motion for Probation which was also filed on February 7, 1977.

3. We point out that, in addition to the portion of the Statement of Facts containing a guilty plea and the question/answer admonishment by the court before accepting such plea, it is wholly appropriate for us to review the entire record in order to determine whether such plea was entered voluntarily and knowingly. *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App. 1975); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant

■ In *Richards v. State*, 562 S.W.2d 456 (Tex.Cr.App.1978) we stated in n. 1 that since the plea of guilty in that case was before a jury, ". . . the necessity of admonishing appellant that the prosecuting attorney's recommendation was not binding on the court" was obviated. We see no distinction between the propriety of the application of such a rule in *Richards,* supra, and the instant case, where the absence of a recommendation by the State likewise dispenses with the need to recite the provision of Article 26.13(a)(2) C.C.P. We therefore hold that an otherwise regular admonishment which deletes the content of subsection (a)(2) regarding the court's independence from a recommendation by the State in setting punishment substantially complies with the provisions of Article 26.13 when no such recommendation is made by the State.[4]

Having found that the admonition in the instant case substantially complies with the requisites of Article 26.13, supra, we now turn to the question of whether the appellant has affirmatively shown "that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court," V.T.C.A., C.C.P. Article 26.13(c).

■ Appellant neither suggests that he was misled, nor that he was harmed by the court's admonishment. No allegation has been urged that appellant's plea was involuntary or that appellant was unaware of its consequences. The record reflects no objection to the admonishment at the time the trial court accepted appellant's plea, and no objection was raised by motion for new trial. It is well settled that "where there is no showing that a defendant was prejudiced or injured by the failure of the trial court to *fully* comply with Article 26.13 . . . that failure to fully comply will not constitute reversible error on appeal." [Emphasis original.] *Guster v. State,* 522 S.W.2d 494, 495 (Tex.Cr.App.1975). See also *Richards v. State,* supra; *Beiersdorf v. State,* 532 S.W.2d 632 (Tex.Cr.App.1976); *Pinson v. State,* 530 S.W.2d 946 (Tex.Cr. App.1976); *Tellez v. State,* 522 S.W.2d 500 (Tex.Cr.App.1975); *Williams v. State,* 522 S.W.2d 488 (Tex.Cr.App.1975).

■ In *Gibson v. State,* 532 S.W.2d 69 (Tex.Cr.App.1976), we recommended that upon entry of a guilty plea the trial court make inquiry as to whether such plea is the result of negotiations and, if so, determine the terms of the agreement. We have also stated:

> [W]e commend as better practice a procedure whereby the trial judge on the record informs the defendant and the attorneys for both the defense and the State that they have a duty to enumerate to the court and upon the record the details of any agreements that may have been reached as a result of plea negotiations. *Cruz v. State,* 530 S.W.2d 817, 822 (Tex. Cr.App.1975).

■ Like the instant case, *Gibson* and *Cruz,* supra, are decided under prior law before Article 26.13 specifically provided for such a procedure.[5] The fact of subsequent

here raises no issue regarding the voluntariness or intelligence of his plea, but rather, couches his complaint in terms of the trial court's alleged failure to comply with the mandatory directives of the Texas Statute, Article 26.13, supra.

**4.** It should be noted that Article 26.13 was amended by Acts 1977, 65th Leg., Ch. 280, p. 784, Section 1, effective August 29, 1977, and subsection (a)(2) now reads: "The fact that *the* recommendation of the prosecuting attorney as to punishment is not binding on the court. *Provided that* the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, *in the event that such an agreement exists,* the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere . . . ." (Emphasis supplied.)

**5.** Stated the Court in *Cruz,* supra, at 821: "We are . . . convinced that justice would be better served by a procedure calculated to clear the atmosphere surrounding the plea negotiating process. Defendants now commonly deny during an Art. 26.13, V.A.C.C.P., inquiry that any promises have been made that induced a plea of guilty, when in fact the prosecutor has promised to recommend a certain sentence in

codification[6] reaffirms the vitality of these concepts as applicable to appellant's trial. In the case at bar, the trial court made the necessary inquiry regarding the possibility of plea negotiations and a concomitant recommendation by the State. The inquiry is plainly set out in the record before us. Having been informed that the State had no recommendation as to appellant's punishment, it is clear that the court was under no duty to address that issue further. No prejudice, harm, or injury of any kind has been alleged or shown by appellant.

The judgment is affirmed.

ROBERTS, Judge, dissenting.

For the reasons stated in the dissenting opinion in *Kidd v. State,* 563 S.W.2d 939, 940–942 (Tex.Cr.App.1978), I would hold that the trial court failed to comply with the requirements of Art. 26.13(a)(2), V.A.C. C.P. The judgment should be reversed.

PHILLIPS, J., joins in this dissent.

exchange for the plea. The deceptive denial stems from the fear that the trial court will not accept the plea if the question is answered truthfully. The fear is misplaced because a plea bargain per se does not vitiate the voluntariness of a guilty plea."

