**Ex parte Mario Tovar CERVANTES.**

**No. 70607.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 4, 1988.

Robert E. Kahn, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

The trial court convicted applicant of the offense of felony driving while intoxicated and assessed his punishment at 5 years in the Texas Department of Corrections. No appeal was taken from this conviction.

■ In the instant case the applicant contends that the trial Court failed to admonish him pursuant to Article 26.13(a)(4), V.A.C.C.P. (1987), that his plea of guilty could result in his deportation.

A hearing was conducted on these allegations, at which copies of the papers in the court's file for this case and a transcription of his plea proceedings were admitted, and it was noted that applicant has imminent deportation proceedings pending as a result of this conviction. This record reflects applicant was admonished in writing, pursuant to Article 26.13(d), V.A.C.C.P., and that no reference to possible deportation was made either in the written admonishments, or in open court.

■ While admonishments which substantially comply with Article 26.13 are sufficient, the complete failure to comply with an admonishment required by the statute requires reversal. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980). Such a complete failure is reflected in this record.

The relief sought is granted. The judgment against applicant in Cameron County cause number 87–CR–858–B is hereby set aside, and applicant remanded to answer the indictment against him.

No motion for rehearing will be allowed.