Jose Angel GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–00399–CR, 01–91–00400–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1992.

Rehearing Denied Aug. 31, 1993.

Paul J. Smith, Houston, for appellant.

John B. Holmes, Mary Lou Keel, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

OPINION

DUGGAN, Justice.

Appellant pled guilty to two charges of possession of less than 28 grams of cocaine, and pled "true" to two enhancement paragraphs in each indictment. The trial court assessed punishment at 35–years confinement in each case. In this appeal of both convictions, appellant asserts four points of error. We affirm.

Appellant's first point of error asserts the trial court erred in failing to admonish him of the consequences of his pleas at the time he entered his pleas of guilty. Specifically, he complains that the trial court failed to admonish him, as required by TEX.CODE CRIM. P.ANN. art. 26.13(a)(4) (Vernon 1989), concerning possible deportation of a noncitizen.

Article 26.13 provides, pertinent to appellant's complaints, the following:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the Court shall admonish the defendant of:

   \*    \*    \*    \*    \*    \*

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Appellant appeared in court with his attorney on April 1, 1991, waived his right to jury trial, and pled guilty to two indictments charging possession of less than 28 grams of cocaine, one offense being alleged to have occurred on November 29, 1990, and the other in February 1991. He further pled "true" to two enhancement paragraphs in each indictment.

Appellant's trial counsel stated to the trial court that he had thoroughly counseled appellant in both cases. Specifically, in re-

sponse to the court's question, appellant's attorney affirmatively represented that appellant "understands both the nature and the circumstances of these pleadings as well as the consequences of these pleas of true." The trial judge ascertained in colloquy with appellant personally that he was pleading guilty because he was guilty and for no other reason; that no one had promised him anything, or forced or threatened him to enter his pleas; that he had no delusive hope of pardon or parole; that there was no plea bargain recommendation; that he was not going to receive "some special deal" just because he pled guilty and true; and that the court was obligated, for a person convicted of these offenses enhanced by two prior felony convictions, to assess punishment by confinement in the penitentiary for life or any term of years not less than 25 nor more than 99. Appellant further affirmatively acknowledged that he realized the court must consider the entire range of punishment and sentence him to whatever term within this range the facts of these cases justify.

Appellant waived the right to a presentence report both orally and in writing, and the trial court sentenced him to 35 years in each case. The record reflects that the trial judge did not specifically admonish appellant about the possible consequences of a conviction for a noncitizen and that no objection was made to the court's omission.

■ In the absence of any evidence that a defendant is not a citizen of the United States, no reversible error is shown by a trial court's failure to admonish a defendant as to the consequences of a guilty plea for a noncitizen. *Sims v. State*, 783 S.W.2d 786, 788 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Adams v. State*, 745 S.W.2d 536, 538 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Tomas v. State*, 707 S.W.2d 221, 221 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

No evidence as to appellant's citizenship was presented to the court on the day appellant entered his pleas, was admonished and found guilty, and received his punishments and sentences. Further, nothing in the court's files before the date of appellant's pleas suggested that he was *not* a U.S. citizen. To the contrary, the court's file in

cause no. 582,400 (the November 29, 1990, offense) contains a single sheet computer printout form, dated November 30, 1990, entitled "Defendant Descriptor." Along with a physical description and other personal data about appellant, the Defendant Descriptor states that his place of birth is Texas and that he is a U.S. citizen. However, the form was not offered in evidence, and nothing in the record affirmatively indicates either that appellant was the source of the information shown or that the trial judge in fact examined the document's recitals. If the trial judge examined the "Defendant Descriptor" form, it affirmatively indicated that appellant was a U.S. citizen. In any event, the record is devoid of any information available to the court prior to or at the time of appellant's pleas and admonishments to indicate he was *not* a U.S. citizen.

Neither was evidence pertaining to appellant's citizenship presented on his motions for new trial which, together with affidavits by appellant and his trial attorney, were filed in each case on the same day they were overruled. Appellant's attorney's affidavit states, concerning appellant's citizenship: "Furthermore, the defendant is not a United States citizen, and this would result in deportation, if he were found guilty." Appellant's own affidavit similarly makes the bare recital: "Furthermore, I am not a citizen of the United States, and have found out I could be deported because of this."

However, appellant's motions for new trial in the two cases were both filed and overruled at appellant's request on April 30, 1991. In denying appellant's motion for new trial in cause no. 589,525, the trial court made a longhand motion on its order, "Motion denied without hearing per request of defense attorney." No order is attached in cause no. 582,400; notices of appeal were filed in both causes on the day the motions were overruled.

■ Appellant's motions for new trial cannot be relied on as evidence that he is not a U.S. citizen because they were not presented to the court, and therefore are not evidence. *Enard v. State*, 764 S.W.2d 574, 575 (Tex. App.—Houston [14th Dist.] 1989, no pet.);

*Bahlo v. State,* 707 S.W.2d 249, 251 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd) (an affidavit attached to a motion for new trial is only a pleading that authorizes the introduction of evidence, and is not evidence itself); *Williams v. State,* 651 S.W.2d 820, 821 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (a motion for new trial "is a mere pleading and does not prove itself.");. Therefore, the record contains no evidence that appellant is not a U.S. citizen. Appellant's first point of error is overruled.

■ In his points of error two and three, appellant asserts that the indictments fail to allege an offense, and that the statute underlying the two indictments is unconstitutional. He urges that because the Health and Safety Code does not define "felony of the second degree," Tex.Health & Safety Code Ann. § 481.115(a) and (b) (Vernon 1989) are unconstitutional in criminalizing the possession of cocaine in an amount less than 28 grams by aggregate weight including adulterants and dilutants, labelling it as a "felony of the second degree," and establishing it as an offense with no determinable penalty. Appellant does not specify what provision of the federal constitution is violated. In any event, Tex.Penal Code Ann. § 12.33 (Vernon 1992) specifies the punishment range for second-degree felonies. Therefore, section 481.-115(a) and (b) does not create an offense without a penalty. Appellant's second and third points of error are overruled.

In appellant's fourth point of error, he asserts that his pleas were involuntary because the trial judge improperly commented to his attorney that he would stack the sentences. Appellant contends that this was a comment by the trial court on the weight of the evidence and the sentence to be imposed without first hearing mitigating evidence.

Appellant first raised the issue of voluntariness of his plea of guilty in his motions for a new trial. Affidavits from appellant and his attorney accompanying the motions state in pertinent part:

> The Trial Court improperly predetermined the defendant's sentence in the above case, and notified defendant's attorney that it would stack the sentences, without hearing any evidence on the cases before the Court, thus violating appellant's right to present his evidence to a fair and impartial Judge. The Judge of the Court was biased, and had predetermined the sentence defendant was to receive, prior to hearing any evidence.

■ As we noted in point of error one, appellant's motions for new trial were not presented to the trial court but, at appellant's counsel's request, were denied without a hearing. Nothing in the record indicates that appellant presented either of his motions for new trial to the court. Therefore, the affidavits attached to his motions do not constitute evidence of the alleged involuntariness of his guilty pleas. *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Crim.App.1973); *Enard,* 764 S.W.2d at 575.

■ During the plea proceeding, the trial judge questioned appellant extensively about the voluntariness of his pleas and established on the record that appellant understood that his guilty pleas would not entitle him to a "special deal." After reviewing all the facts and circumstances, we find that appellant's pleas were voluntary. Appellant's fourth point of error is overruled.

The judgment is affirmed.