**Tommy Mac BRITTON, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–94–003–CR, 2–94–004–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 26, 1994.

Rehearing Overruled Dec. 6, 1994.

Abe Factor, Lollar, Phillips, Factor & Blanco, P.C., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Chuck Mallin, Asst. Chiefs of Appellate Section, John A. Stride, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Tommy Mac Britton pled guilty to two separate indictments, each alleging a felony offense of driving while intoxicated.[1] The indictments also alleged that Britton had been convicted previously of two other offenses of driving while intoxicated. Britton pled true to these allegations. For each offense, the court sentenced Britton to three years' confinement in the Texas Department of Criminal Justice, Institutional Division, a $500 fine, and one year's suspension of his driver's license. The sentences are to run concurrently.

We reverse and remand for a new trial.

Appellant's sole point of error is that the trial court failed to properly admonish appellant concerning the consequences of his guilty plea as required by section 26.13 of the Texas Code of Criminal Procedure.[2] Specifically, appellant argues that the trial judge erred in failing to admonish appellant that if he was not a citizen of the United States, he could be deported, excluded from admission, or denied naturalization.

Appellant argues that under *Morales v. State,* 872 S.W.2d 753 (Tex.Crim.App.1994),

---

1. Appellant was convicted under article 6701*l*-1 of the Texas Revised Civil Statute which was repealed Sept. 1, 1994. For the current statutory version of the offense, see chapter 49 of the Texas Penal Code.

2. In appellant's original brief, there was a second subpoint of error that the trial judge's admonishment did not substantially comply with the statutory requirements because the trial judge erred in telling the defendant the range of punishment went to $20,000.00 per offense rather than $2000.00 per offense. After appellant's original brief was filed, a motion to correct a typographical error reflecting $20,000.00 rather than $2000.00 was granted. Therefore, there is no error for this court to address as the record reflects that the appellant was admonished that the range of punishment was up to $2000.00 as appellant contends it should be.

he is entitled to a new trial for failure to give part of the section 26.13 admonishment. Section 26.13 provides in part that:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

. . . .

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

. . . .

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4), (c) (Vernon 1989).

It is clear from *Morales* that section 26.13(c) requiring the defendant to affirmatively show harm where there is substantial compliance with the statutory requirements is inapplicable where the trial judge has entirely failed to give any portion of the warning. *Morales,* 872 S.W.2d at 754–55 (reaffirming the holdings in *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992); *Ex parte Cervantes,* 762 S.W.2d 577 (Tex.Crim. App.1988); and *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App.1980)). Thus section 26.13(c) does not apply to this case because the trial judge completely ignored the citizenship admonishment.

Further, the appellant's actual citizenship status was not a consideration in *Morales;* the record in *Morales* did not indicate the appellant's citizenship.... The State concedes that "[a]t first blush, *Morales* ... appears to be dispositive of these causes." The State, however, argues that this case is distinguishable from *Morales* because the appellant is a citizen of the United States and

thus, appellant could not suffer harm from the failure to admonish. The only evidence, however, that the appellant in this case is a citizen of the United States is a document which the State has moved to have supplemented to the transcript.[3] The State indicates that the document offered was in the trial court's file, but it has no identifying label. The State explains that the deputy district clerk informed State's counsel that the document is a Criminal History Reporting Form in the possession of the district clerk. The document was made the same day as the guilty plea was accepted, but it is not clear if the document was made before or after the plea, what the source of the information contained in the document was, or why the document was created.

We do not believe that this information sufficiently established the appellant's citizenship status to distinguish it from *Morales.* Further, it is apparent from the concurring opinion in *Morales* that the argument that the admonishment need not be given to American citizens was urged in *Morales,* and the court rejected it noting that "the admonishment statute, by its terms, does not provide that the warning be given only to persons who are not citizens of the United States. Rather it requires that all persons who plead guilty be told that noncitizens are subject to deportation." *Morales,* 872 S.W.2d at 755 (Meyers, J., concurring, Clinton, Overstreet, and Maloney, JJ., joining) (citing *Ex parte Cervantes,* 762 S.W.2d at 578).

The State's second argument is that *Morales* is wrongly decided and we should affirm notwithstanding *Morales.* This court finds the decision in *Morales* to clearly state the Texas Court of Criminal Appeals' position with regard to a trial judge's failure to give "the few simple cautions which our Legislature has seen fit to require in such cases." *Morales,* 872 S.W.2d at 756. We find the *Morales* decision to be dispositive of this case and agree with the Texas Court of Criminal Appeals that we "cannot accept that this requirement represents much of a burden on the trial-level judiciary of Texas, nor that

---

**3.** The State only requested the supplementation of the record for trial cause number 0514411D (appellate case 02–94–004–CR). No such supplementation was requested or granted for 0483549D (appellate case number 02–94–003–CR).

remanding a cause for full compliance with the statute is an unjustified imposition upon these courts." *Id.* Accordingly, we grant appellant's point of error, and the judgment is reversed and remanded.