**Irvin Omara DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–94–431–CR.**

Court of Appeals of Texas, Austin.

Jan. 18, 1995.

Troy C. Hurley, Odom & Hurley, Belton, for appellant.

Arthur Cappy Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

After accepting appellant's guilty plea and hearing his judicial confession, the district court found appellant guilty of aggravated sexual assault. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex.Gen.Laws 2275, *amended by* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex.Gen.Laws 80 (Tex.Penal Code Ann. § 22.021, since amended). The court assessed punishment at imprisonment for twenty years.

Article 26.13 of the Code of Criminal Procedure provides:

  (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

    .    .    .    .    .

    (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

    .    .    .    .    .

  (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Tex.Code Crim.Proc.Ann. art. 26.13(a)(4), (c) (West 1989). Before accepting the guilty plea in this cause, the district court asked appellant if he is a citizen of the United States. Appellant said that he is. The court did not inform appellant of the consequences a criminal conviction can have for a noncitizen. The question presented by appellant's sole point of error is whether the district

court substantially complied with article 26.13(a)(4).

Appellant relies on *Morales v. State*, 838 S.W.2d 272 (Tex.App.—El Paso 1992), *aff'd*, 872 S.W.2d 753 (Tex.Crim.App.1994). In that case, the trial court neither inquired into the defendant's citizenship nor admonished him as required by article 26.13(a)(4). The record was silent as to whether the defendant was or was not a citizen of this country. The court of appeals held that on such a record, "substantial compliance with Article 26.13(a) does not exist because we cannot say the immigration admonishment is immaterial to Appellant's guilty plea." 838 S.W.2d at 276. The Court of Criminal Appeals affirmed, holding that 'a complete failure to comply with article 26.13(a)(4) requires reversal. 872 S.W.2d at 754–55.

In its *Morales* opinion, the Court of Criminal Appeals stated that the result was dictated by its earlier opinion in *Ex parte Cervantes*, 762 S.W.2d 577 (Tex.Crim.App.1988). In *Cervantes*, the court also set aside a conviction following a guilty plea because the trial court failed to give an immigration admonishment. The record in *Cervantes*, however, showed that the defendant was not a United States citizen. The significance of *Morales* lies in its extension of *Cervantes* to those cases in which the record is silent with regard to the defendant's citizenship.[1]

*Morales* and *Cervantes* teach that when a trial court completely fails to admonish the defendant pursuant to article 26.13(a)(4), reversal is required if the defendant is not a United States citizen (as in *Cervantes*) or if the defendant's citizenship is unknown (as in *Morales*). But what if the record shows, as it does in this cause, that the defendant is a citizen of the United States?

The article 26.13(a)(4) admonishment is relevant only to those defendants who are not citizens of the United States. In this respect, article 26.13(a)(4) is analogous to article 26.13(a)(2), which requires that the defendant be admonished that the prosecutor's punishment recommendation is not binding on the court. The Court of Criminal Appeals has held that when there is no punishment recommendation, article 26.13(a)(2) does not apply and the trial court need not admonish the defendant of the nonbinding nature of such a recommendation. *McCravy v. State*, 642 S.W.2d 450, 462 (Tex.Crim.App. 1982) (opinion on motion for rehearing); *Jamail v. State*, 574 S.W.2d 137, 140 (Tex.Crim. App.1978); *Campbell v. State*, 577 S.W.2d 493, 495 (Tex.Crim.App.1979); *see Bouie v. State*, 565 S.W.2d 543, 553 (Tex.Crim.App. 1978) (Onion, P.J., concurring) (to require admonishment in absence of punishment recommendation "would be to reach an absurdity").[2] By analogy, we hold that the district court in this cause substantially complied with article 26.13(a)(4) by inquiring into appellant's citizenship and receiving appellant's assurance on the record that he is a United States citizen. Under the circumstances, the immigration admonishment was immaterial to appellant's guilty plea. The district court was not required to gratuitously inform appellant that if he were not a citizen, his guilty plea might result in his deportation or the denial of naturalization.[3]

---

1. At least one court of appeals had held that the failure to give the article 26.13(a)(4) admonishment was not reversible error in the absence of a showing that the defendant was a noncitizen. *Gonzales v. State*, 863 S.W.2d 78 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Sims v. State*, 783 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Adams v. State*, 745 S.W.2d 536 (Tex.App.—Houston [1st Dist] 1988, no pet.); *Tomas v. State*, 707 S.W.2d 221 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). In *Morales*, the *Tomas* line of cases was expressly disapproved by the El Paso court and overruled *sub silentio* by the Court of Criminal Appeals.

2. In this cause, the record reflects that the prosecutor did not make a punishment recommendation. The district court told appellant that this was an "open plea and it will be up to me as judge to fix punishment." Appellant was not told that a punishment recommendation would not be binding on the court. Appellant does not complain of the court's failure to comply literally with article 26.13(a)(2) and, under the cited authorities, such a complaint would be without merit.

3. *See Mitchell v. State*, 848 S.W.2d 917 (Tex. App.—Texarkana 1993, pet. ref'd); *Foster v. State*, 817 S.W.2d 390 (Tex.App.—Beaumont 1991, no pet.) (defendant did not state he was U.S. citizen, but record otherwise showed that he was; under circumstances, trial court's failure to give immigration admonishment not reversible error).

In his concurring opinion in *Morales,* Judge Meyers refers to *McCravy* and *Jamail* (among others) as "these peculiar cases." *Morales,* 872 S.W.2d at 756. But *McCravy* and *Jamail* have not been overruled by the Court of Criminal Appeals. It would be peculiar indeed to hold that while the district court was not required to admonish appellant of the nonbinding effect of a nonexistent punishment recommendation, it was required to advise appellant, by his own admission a United States citizen, of the consequences a guilty plea can have for a noncitizen.

The point of error is overruled and the judgment of conviction is affirmed.