**Lloyd ARCHIE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 14–93–00565–CR through 14–93–00567–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 1, 1995.

Roy E. Greewood, Austin, for appellant.

David P. Weeks, William W. Durham, Huntsville, for appellee.

Before MURPHY, C.J., and YATES and ANDERSON, JJ.

---

## OPINION ON REHEARING

YATES, Justice.

We grant appellant's motion for rehearing, withdraw our previous opinion, and substitute the following. Appellant entered pleas of guilty to three separate offenses of delivery of cocaine, and the trial court deferred adjudication on all three offenses. Upon the state's motion to revoke appellant's probation for his failure to comply with various terms of the probation, the trial court adjudicated appellant guilty and sentenced him to three concurrent thirty-five year sentences. In three points of error appellant lodges two basic complaints: first, that his plea of guilty was not knowing and voluntary because of the trial court's failure to comply with the admonishments under article 26.13 of the Code of Criminal Procedure; and second, that the trial court violated appellant's due process rights by predetermining his punishment at the revocation hearing. We reverse the judgment of the trial court under appellant's point of error three which asserts the trial court reversibly erred in failing to admonish appellant as to the deportation consequences of a guilty plea. TEX.CODE CRIM. PROC.ANN. art. 26.13(a)(4) (Vernon 1989). Because we base our finding of reversible error on point of error three, we address this point only.

█ Article 26.13 sets out the admonishments a trial court must give a defendant before accepting a plea of guilty or nolo contendere. The article states that the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any agreement, the defendant shall be permit-

ted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country or the denial or naturalization under federal laws.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon 1989). The statute also provides that in admonishing the defendant, substantial compliance with the statute is sufficient. *Id.* § 26.13(c). The record before us in this case, however, shows a notable absence of any reference to the admonishment in subsection (a)(4). Appellant argues that pursuant to the court of criminal appeals opinion in *Morales v. State,* 872 S.W.2d 753 (Tex.Crim. App.1994), the state of the record requires reversal without appellant being required to show harm from his not receiving this particular admonishment. We agree.

In *Morales,* the court of criminal appeals relied on two prior cases in holding that reversible error occurs when a trial judge wholly fails to admonish an appellant as required under 26.13(a)(4). *Morales,* 872 S.W.2d at 754–55. In the first case, *Ex parte McAtee,* the record showed the appellant had received no admonishment as to the range of punishment. *Ex parte McAtee,* 599 S.W.2d 335, 336 (Tex.Crim.App.1980). In finding reversible error in the complete failure to admonish as to punishment, the court in *McAtee* based its holding on prior cases that held a total failure to admonish the defendant concerning the range of punishment is reversible error, without regard to whether the defendant was harmed. *Id.* at 335. The court then developed the analysis it would use in all succeeding cases, namely, that if the trial judge undertakes to give an admon-

ishment, but fails to give a complete one, a prima facie showing has been made that the plea pursuant to such admonishment is knowing and voluntary. *Id.* at 336. After the prima facie showing is made, the burden is on the appellant to show harm from the lack of a complete admonishment. *Id.*, TEX. CODE CRIM.PROC.ANN. art. 26.13(c) (Vernon 1989); *Ex parte Gibauitch,* 688 S.W.2d 868, 872 (Tex.Crim.App.1985). Thus, if the appellant cannot show he was harmed or misled by the incomplete admonishment, the reviewing court will uphold the plea as voluntary and knowing. Conversely, a prima facie case cannot be made when there is a total failure to admonish. *McAtee,* 599 S.W.2d at 336. Thus, the appellant in such cases need not show harm to obtain a reversal because of the great danger in such cases that a defendant would enter an unknowing and involuntary plea. *Id.*

The court later expanded this analysis concerning incomplete or absent admonishments and applied it to the deportation admonishment contained in subsection (a)(4) of article 26.13. *Ex parte Cervantes,* 762 S.W.2d 577 (Tex.Crim.App.1988). In *Cervantes,* the record before the court showed that the applicant had not received any admonishment at all concerning the deportation consequences of a guilty plea. *Cervantes,* 762 S.W.2d at 578. The record also showed that deportation proceedings had been initiated against him since he entered the guilty plea. *Id.* In a concise per curiam opinion, the court found reversible error, based on its prior holding in *McAtee* that a complete failure to admonish required a reversal. *Id.*

In *Morales,* the court merely reaffirmed this same principle. *Morales,* 872 S.W.2d at 755. However, a significant distinction separates *Cervantes* and *Morales.* In *Cervantes,* the record showed the applicant had indeed suffered harm from the lack of an admonishment. By contrast, in *Morales* the court made no mention of the state of the record. It would appear the record was silent as to citizenship and that the import of *Morales* lies in its extending the holding in *Cervantes* to those cases in which the record is silent as to citizenship. *Dixon v. State,* 891 S.W.2d 783, 784 (Tex.App.—Austin, 1995, no pet.).

Since *Morales,* other courts have extrapolated a somewhat different analysis, based on *Morales,* but finding substantial compliance with the (a)(4) admonishment if it appears from the face of the record that the appellant is in fact a United States citizen for whom the admonishment would be, as a practical matter, irrelevant. *E.g., Cain v. State,* 893 S.W.2d 681, 685 (Tex.App.—Fort Worth 1995, pet. granted); *Dixon,* 891 S.W.2d at 784; *Dominguez v. State,* 889 S.W.2d 13, 15–16 (Tex.App.—El Paso 1994, no pet.); *Garcia v. State,* 877 S.W.2d 809, 812–13 (Tex.App.—Corpus Christi 1994, pet. ref'd). *But see Morales,* 872 S.W.2d at 755–56 (Meyers, J., concurring) (noting philosophical and logistical problems inherent in policy of requiring warning only to cases in which citizenship status is questionable); *Britton v. State,* 887 S.W.2d 188, 190 (Tex.App.—Fort Worth 1994, pet. ref'd) (rejecting import of document that may have shown appellant was United States citizen because concurring opinion in *Morales* states all citizens must receive all admonishments). This line of cases bases the test for substantial compliance with the (a)(4) admonishment on a long-standing principle set out in the case of *Whitten v. State,* 587 S.W.2d 156 (Tex.Crim. App.1979). In *Whitten,* the court held that substantial compliance may be found where an admonishment is not given but the admonishment is one that is immaterial to the plea. *Whitten,* 587 S.W.2d at 158. The court illustrated an irrelevant admonishment by the example of a trial court's failure to admonish on the nonbinding character of a prosecutorial recommendation where in fact no prosecutorial recommendation had been made. *Id.*

■ The same principle, applied in the case of an admonishment as to deportation consequences of a guilty plea, yields an analysis that looks first to the state of the record. If the record shows the appellant is a United States citizen, then the admonishment is irrelevant and the court can find substantial compliance with the statute. *E.g., Dixon,* 891 S.W.2d at 784; *Dominguez,* 889 S.W.2d at 15–16; *Garcia,* 877 S.W.2d at 812–13. *Contra Gonzales v. State,* 863 S.W.2d 78, 80 (Tex.App.—Houston [1st Dist.] 1992, no pet.);

*Sims v. State,* 783 S.W.2d 786, 788 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *Adams v. State,* 745 S.W.2d 536, 538 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Tomas v. State,* 707 S.W.2d 221, 222 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd as untimely filed). *But see Dixon,* 891 S.W.2d at 784 n. 1 (stating court of criminal appeals in *Morales* implicitly overruled line of cases out of first court of appeals holding that where record fails to show appellant is noncitizen lack of 26.13(a)(4) admonishment not reversible error).

In cases where the record conveys the information that an appellant is a United States citizen, it is reasonable that courts be permitted to find the 26.13(a)(4) admonishment immaterial. However, because the record before us is silent as to appellant's citizenship, we cannot indulge in the common-sense presumption that the admonishment would have had no material bearing on his plea of guilty. Thus, *Morales* dictates our disposition of this case, and we must find the trial court committed reversible error in failing to admonish appellant, either in writing or in open court, as to the deportation consequences of his plea of guilty.

We reverse the judgment of the trial court and remand the cause for trial.