TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-94-00736-CR

Charles Phillip Marsh, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR94-176, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING

PER CURIAM

 Appellant pleaded guilty to an indictment accusing him of four counts of aggravated
sexual assault. The district court adjudged him guilty and assessed punishment at imprisonment
for thirty-five years.

 Appellant brings forward two points of error. The State asserts that we are without
jurisdiction to consider these points because appellant did not preserve his right to appeal
nonjurisdictional issues. Hutchins v. State, 887 S.W.2d 207, 209 (Tex. App.--Austin 1994, pet.
ref'd); Tex. R. App. P. 40(b)(1). The "but clause" of rule 40(b)(1), on which the State relies,
applies only when the punishment assessed was agreed to by appellant as part of a plea bargain. 
In this cause, appellant entered an "open plea." That is, there was no agreement as to
punishment. Under the circumstances, the "but clause" does not apply and appellant's general
notice of appeal was sufficient to confer jurisdiction on this Court to consider the points of error.

 Appellant's first point of error is that the district court failed to advise him that a
guilty plea could result in his deportation, exclusion from admission, or denial of naturalization. 
Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989). The court did, however, inquire into
appellant's citizenship and obtain his assurance on the record that he is a United States citizen. 
By so doing, the court substantially complied with article 26.13(a)(4). Dixon v. State, 891
S.W.2d 783, 784 (Tex. App.--Austin 1995, no pet.). Point of error one is overruled.

 The plea bargain agreement called for the district court to consider other felony sex
offenses committed by appellant in assessing punishment. Tex. Penal Code Ann. § 12.45 (West
1994). In point of error two, appellant contends his guilty plea was involuntary because neither
the prosecutor nor the court had the power to satisfy this portion of the plea agreement. Ex parte
Chandler, 684 S.W.2d 700 (Tex. Crim. App. 1985). Appellant relies on section 12.45(b), which
provides that before a court may consider an offense committed in another county, it must have
the agreement of the prosecuting attorney of that county. 

 The written plea bargain agreement called for the court to consider "any and all
felony sexual-type offenses which the defendant has committed in Comal County." Because the
agreement was limited to other offenses committed in Comal County, section 12.45(b) did not
apply. The record reflects the agreement of the Comal County prosecutor. Point of error two
is overruled.

 The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: March 13, 1996

Do Not Publish