**Gregory Allen THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00376–CR.**

Court of Appeals of Texas,
San Antonio.

May 22, 1996.

Rehearing Overruled June 26, 1996.

James C. Oltersdorf, San Antonio, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

CHAPA, Chief Justice.

Following a display of violent and aggressive behavior at a bar, appellant was arrested and charged by information with the felony offense of unlawfully carrying a weapon on licensed premises. Pursuant to a plea agreement, appellant entered a plea of guilty. The trial court assessed punishment at six years confinement in the Texas Department of Corrections and a $1,000 fine. In three points of error, appellant contends that his guilty plea was involuntary because he was misled by his trial counsel and because the trial court failed to properly admonish him prior to accepting his plea. We affirm the judgment of the trial court.

## JURISDICTION

The record indicates that the trial court granted appellant permission to appeal his conviction and that appellant filed a timely notice of appeal. The State asserts that because neither the notice of appeal nor the order granting permission to appeal states the grounds for appeal, we lack jurisdiction to hear non-jurisdictional complaints in this case. We disagree.

■ The rules of appellate procedure do not require that the appellate court be notified of the specific grounds of appeal when notice of appeal is given. The record reflects that the requirements of Tex.R.App.P. 40(b)(1) have been satisfied in this case. As such, we have jurisdiction to consider the merits of appellant's claims. *See Riley v. State*, 825 S.W.2d 699, 700–01 (Tex.Crim.App. 1992).

## ARGUMENTS ON APPEAL

■ In his first point of error, appellant contends that his plea was involuntary because it was based upon misinformation provided by his attorney. Specifically, appellant complains that his attorney told him that if he pled guilty, he would receive probation. In support of this contention, appellant has provided his version of the relevant facts via an affidavit attached to his appellate brief. The affidavit was not introduced at trial and has not been properly made a part of the record on appeal. *See* Tex.R.App.P. 50(a), 55(b). As such, we are precluded from considering the affidavit as evidence. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App. 1981); *Belton v. State*, 900 S.W.2d 886, 893 (Tex.App.—El Paso 1995, no pet.).

Other than the affidavit, appellant has failed to provide the court with any argument, authority, or record citation in support of his position. He simply concludes that his plea was involuntary based upon the facts alleged in his affidavit. The Texas Rules of Appellate Procedure require that argument and authority be offered in support of each point of error presented in order for the point to be properly before the court. Tex. R.App.P. 74(f). Because appellant has failed to provide support for his contention that his attorney misled him into pleading guilty, we must conclude that the point is inadequately briefed and we will not consider it. *See Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim.App.1992), *cert. denied*, 506 U.S. 997, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992). Nevertheless, the record before us is replete with evidence that no one offered appellant any inducement, including the promise of probation, in exchange for his plea of guilty. Appellant's first point of error is overruled.

■ Next, appellant contends that his plea was involuntary as he was not properly admonished by the trial court pursuant to article 26.13 of the Texas Code of Criminal Procedure[1]. Specifically, in his second point of

---

1. Article 26.13 provides that prior to accepting any plea of guilty or nolo contendere, the trial court shall give the following admonishments:

error, appellant asserts that the trial court failed to admonish him regarding the range of punishment for the offense of unlawfully carrying a weapon on licensed premises. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1) (Vernon 1989).

The record reflects that the trial court did not orally admonish appellant regarding the range of punishment for unlawfully carrying a weapon on licensed premises. However, the record contains the Defendant's Waivers and Affidavit of Admonitions, which is signed by appellant, his attorney, the prosecutor, and the trial court. Through this document, appellant states: "I hereby enter a plea of GUILTY/NOLO CONTENDERE to [unlawfully carrying a weapon on licensed premises], the penalty for which as prescribed by law is THIRD DEGREE FELONY: 2 TO 10 YEARS TDC OR CONFINEMENT IN A COMMUNITY CORRECTIONAL FACILITY FOR NOT MORE THAN 1 YEAR AND IN ADDITION A POSSIBLE FINE NOT TO EXCEED $10,000."

Article 26.13(d) of the Code of Criminal Procedure provides that:

> The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.

TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989). In the present case, the trial court's written admonishment complies with article 26.13(a)(1) regarding the possible range of punishment for the charged offense,

(1) the range of the punishment attached to the offense;
(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

the trial court inquired into appellant's understanding of the affidavit of admonishment and verified that appellant understood the admonishments that it contained, and finally, both appellant and his attorney signed the admonishment. As such, the trial court substantially complied with article 26.13. We find no evidence that appellant was not aware of the consequences of his plea or that he was misled or harmed by the admonishment given. *See Hughes v. State*, 833 S.W.2d 137, 139–40 (Tex.Crim.App.1992); *Smith v. State*, 853 S.W.2d 140, 141 (Tex. App.—Corpus Christi 1993, no pet.). Appellant's second point of error is overruled.

█ In his final point of error, appellant contends that the trial court did not admonish him regarding the potential consequences of a guilty plea to a non-citizen defendant. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). It is undisputed that the trial court erroneously failed to advise appellant, either orally or in writing, that, if he was not a United States citizen, his plea might result in deportation, exclusion from admission to the United States, or denial of naturalization. The issue then, is whether such error rendered appellant's plea involuntary and is, thus, reversible.

It is well settled that where the trial court substantially complies with the admonishment requirements set forth in article 26.13 of the Texas Code of Criminal Procedure, a prima facie case has been made that the plea pursuant to such admonishment is voluntary. *See Morales v. State*, 872 S.W.2d 753, 754 (Tex.Crim.App.1994). The burden then shifts to the appellant to show that harm resulted from the lack of a complete admon-

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and
(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon 1989).

ishment. *Id.* On the other hand, no prima facie case is made where there is a complete failure to admonish. *Id.* at 755. In such a case, the appellant need not show harm in order to obtain reversal.[2]

The court of criminal appeals has extended this analysis to apply to incomplete or nonexistent admonishments regarding deportation. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989). In *Morales*, the court found that a complete failure to provide an admonishment regarding deportation required reversal with no requirement that the appellant show harm. *Id.* at 755.

Appellant correctly cites *Morales* for this general rule. However, appellant fails to note that the record in *Morales* appears to have been silent as to the appellant's citizenship. Since the *Morales* decision, other courts have noted a significant distinction between a case, such as *Morales*, where the record is silent as to citizenship and a case in which it appears from the face of the record that the appellant is a United States citizen. *See, e.g., Armstrong v. State*, 911 S.W.2d 133, 135 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Fregia v. State*, 903 S.W.2d 94, 98 (Tex.App.—Beaumont 1995, pet. filed); *Cain v. State*, 893 S.W.2d 681, 685 (Tex.App.—Fort Worth 1995, pet. granted); *Dixon v. State*, 891 S.W.2d 783, 784 (Tex.App.—Austin 1995, no pet.); *Dominguez v. State*, 889 S.W.2d 13, 15 (Tex.App.—El Paso 1994, no pet.); *Garcia v. State*, 877 S.W.2d 809, 812–13 (Tex.App.—Corpus Christi 1994, pet. ref'd). This line of cases has generated the proposition that in cases where the record indicates that an appellant is a United States citizen, it is reasonable for the court to find the article 26.13(a)(4) admonishment regarding deportation practically irrelevant. *See Archie v. State*, 901 S.W.2d 733, 736 (Tex.App.—Houston [14th Dist.] 1995, no pet.).

The reasoning behind such a proposition stems from *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979), where the court of criminal appeals held that substantial compliance with article 26.13 may be found where the omitted admonition is one that is irrelevant to the plea. *Id.* at 158. Thus, in cases in which the admonition regarding deportation has not been given, if the record affirmatively shows that the appellant is a United States citizen and not, therefore, subject to deportation, exclusion from admission to this country, or denial of naturalization as a citizen, the admonition regarding such factors is immaterial to the plea and failure to give such admonition is not automatically reversible.[3]

The record in the present case contains a probation officer's report which indicates that appellant was born in Oaklawn, Illinois, and is therefore a United States citizen as a matter of law. Under these circumstances, while the trial court did fail to admonish appellant regarding possible deportation of non-citizens, we nevertheless find that the trial court substantially complied with the requirements of article 26.13. The burden thus shifts to appellant to show harm resulting from the trial court's failure to admonish him regarding deportation. Because appellant is a United States citizen, he cannot be subject to the consequences enumerated in the admonition required by article 26.13(a)(4). As such, appellant cannot meet his burden of showing harm. Appellants third point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** There is a distinction between reversible error without regard to whether the defendant was harmed and reversible error without a requirement that the defendant show harm. *See McGowin v. State*, 912 S.W.2d 837, 841 n. 2 (Tex.App.—Dallas 1995, no pet.h.). The latter does not preclude the State from proving that the trial court's error did not result in the ultimate outcome of the case pursuant to TEX.R.APP.P. 81(b)(2). *Id.*

**3.** The language of the appellate court in *Morales* tends to support this proposition: "there is noth-

ing in the record to show whether appellant is or is not a United States citizen, [therefore,] there is nothing to rebut the presumption of materiality of article 26.13(a)(4)." *Morales*, 838 S.W.2d 272, 276 (Tex.App.—El Paso 1992), *aff'd*, 872 S.W.2d 753 (Tex.Crim.App.1994); *see also Elliott v. State*, 874 S.W.2d 238, 241 n. 2 (Tex.App.—El Paso 1994, no pet.). This language seems to indicate that had the record shown that the appellant was a United States citizen, the presumption of materiality would have been rebutted.