IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,601-01






EX PARTE MARTIN HERRERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1993CR1371 IN THE 186TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant plead guilty without a plea
agreement, was convicted of injury to an elderly person, and sentenced to twenty years'
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that trial counsel rendered ineffective assistance because he
failed to inform Applicant of the possible deportation consequences of his guilty plea and that he was
harmed because he would not have pleaded guilty if he had known he could be deported for this
offense. There is no indication in the written plea papers sent to this Court that Applicant was
admonished as required by the Texas Code of Criminal Procedure, article 26.13(a)(4). Counsel
provided an affidavit in response to Applicant's claims, stating that in 1993 there was no statutory
duty to inform the defendant what might happen on any deportation issue. This assertion is
incorrect. Id. Counsel did not respond to the ultimate question of whether or not Applicant was
informed by counsel or the court of the possible deportation consequences of his plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex Parte Cervantes, 762 S.W.2d 577 (Tex. Crim. App. 1988)(overruled in
part); Ex Parte Tovar, 901 S.W.2d 484 (Tex. Crim. App. 1994). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with another opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Applicant was admonished regarding
possible deportation consequences pursuant to the Texas Code of Criminal Procedure prior to his
plea of guilty. The trial court shall make findings as to whether Applicant has been through removal
proceedings since his conviction, is currently facing removal proceedings, or has a detainer lodged
with the Texas Department of Criminal Justice by U.S. Immigration and Customs Enforcement. The
trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 19, 2009

Do not publish