Clint Lane CUTRER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00084–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 23, 1999.

Decided March 24, 1999.

Discretionary Review Refused
Sept. 8, 1999.

Deborah E. Farris, Attorney at Law, Dallas, for appellant.

Kimberly Rogaliner Lafferty, Assistant District Attorney-Appellate Section, Sue Korioth, Assistant District Attorney, Dallas, for appellee.

Before: CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, J.

Clint Cutrer was indicted, with enhancements, for the offense of aggravated robbery. He entered into a plea agreement with the State by which he waived his right to a jury trial, pled nolo contendere to the primary offense and true to the enhancements. The court found that the evidence substantiated his guilt for the offense of aggravated robbery and accepted his pleas of true to the enhancement paragraphs. The court then deferred adjudging Cutrer guilty and placed him on community supervision for ten years. Cutrer did not appeal from the court's order placing him on deferred adjudication supervision. More than two years later, the State filed a motion to proceed with an adjudication of guilt, alleging that Cutrer violated certain conditions of his community supervision. At the hearing on the State's motion, Cutrer pled true to the alleged violations without a plea agreement. The court accepted Cutrer's pleas of true, revoked supervision, adjudged him guilty, and assessed punishment at twenty-five years' confinement. The court granted Cutrer permission to appeal pursuant to Tex.R.App.P 25.2(b)(3)(C). Cutrer contends the trial court erred at the initial hearing when he was placed on deferred adjudication supervision by failing to admonish him of the consequences of pleading nolo contendere and in failing to inform him of the consequences of violating his deferred adjudication supervision.

This Court has previously held, along with other jurisdictions, that appellate courts lack jurisdiction in appeals claiming error in the order placing a defendant on deferred adjudication where notice of appeal was not timely filed after the original proceeding. *Session v. State*, 978 S.W.2d 289, 290 (Tex.App.—Texarkana 1998, no pet. h.); *see also Hammack v. State*, 963 S.W.2d 199, 200 (Tex.App.—Austin 1998, no pet. h.); *Alejandro v. State*, 957 S.W.2d 143, 144 (Tex.App.—Corpus Christi 1997, pet. ref'd); *Smith v. State*, 957 S.W.2d 571, 574–75 (Tex.App.—Dallas 1997, no pet.). Cutrer was placed on deferred adjudication supervision on October 5, 1995. He did not appeal from that proceeding until he was finally adjudicated guilty and sentenced in February 1998. Cutrer did not comply with Tex.R.App.P. 26.2, which required him to file a notice of appeal within thirty days after the day sentence was imposed or suspended in open court, or after the day the trial court entered an appealable order.

Since Cutrer's complaints in this appeal relate solely to the initial proceeding where he was placed on deferred adjudication supervision and he did not timely appeal from that proceeding, we are without jurisdiction to consider his complaints. This conclusion is based on our holding in *Session* and the rationale of the other appellate courts that have reached the same conclusion. However, we cannot ignore the fact that the Texas Court of Criminal Appeals, while not addressing the jurisdictional issue directly, has implied that the appellate courts do have jurisdiction in these circumstances. *Joyner v. State*, 921 S.W.2d 234 (Tex.Crim.App.1996); *Ray v. State*, 919 S.W.2d 125 (Tex.Crim.App. 1996).

In *Joyner*, the court allowed the appellant to challenge his original guilty plea as involuntary because he was not at that time properly admonished on the consequences of violating deferred adjudication. On October 4, 1989, Joyner pled guilty, without an agreed recommendation. The trial court deferred adjudication and placed him on probation for six years. On August 24, 1992, on the State's motion, the trial court adjudicated guilt and sentenced Joyner to seven years' confinement. Neither the court of appeals nor the Texas Court of Criminal Appeals addressed the issue of jurisdiction, but both went on to address the merits of Joyner's contentions attacking his original guilty plea, which occurred almost three years prior to his appeal.[1]

The court in *Ray* allowed the appellant to challenge his original guilty plea as involuntary because he was not at that time properly admonished on the consequences of violating deferred adjudication probation. On July 15, 1991, Ray entered a plea of guilty without a plea agreement. On September 10, 1991, the trial court deferred finding Ray guilty and placed him on deferred adjudication probation for ten years. In February of 1993, the State

filed a motion to proceed with adjudication of guilt, and on July 2, 1993, the trial court granted the State's motion, entered a finding of guilt, revoked Ray's probation, and sentenced him to life imprisonment. Neither the court of appeals nor the Texas Court of Criminal Appeals addressed the issue of jurisdiction, but both went on to address the merits of Ray's contentions attacking his original guilty plea occurring almost two years prior to his appeal.[2]

In the recent case of *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App. 1998), the Texas Court of Criminal Appeals stated that, just because an appellant could have appealed from an order placing him on deferred adjudication community supervision, but did not, does not affect jurisdiction. However, because *McCullough* arose out of a *habeas corpus* proceeding, it is not clear that this language was intended to allow an appellant to wait more than two years and four months, as in the instant case, or, depending on the length of the term of supervision imposed, even as long as ten years or more, to make a direct appeal of alleged errors occurring at the time of his initial trial.

The jurisprudence of this state dealing with appeals from orders placing defendants on deferred adjudication community supervision has not always been consistent. The statutory rules governing appeals in this area changed in the mid–1980's and, with the Texas Court of Criminal Appeals decision in *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App.1991), an appellant was allowed to appeal immediately after being placed on deferred adjudication. *Watson v. State*, 924 S.W.2d 711, 713–15 (Tex. Crim.App.1996) (citing *Dillehey*, 815 S.W.2d 623). This right to appeal is limited by the express terms of Tex.R.App.P. 25.2, which requires the notice of appeal to (A) specify that the appeal is for jurisdictional defect, (B) specify that the substance of the appeal was raised by written

1. *See Joyner v. State*, 882 S.W.2d 59 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 921 S.W.2d 234 (Tex.Crim.App.1996).

2. *See Ray v. State*, 877 S.W.2d 425 (Tex. App.—Eastland 1994), *rev'd*, 919 S.W.2d 125 (Tex.Crim.App.1996).

motion and ruled on before trial, or (C) state that the trial court granted permission to appeal.[3]

The questions on *what* can be appealed have been more or less settled. The question the Texas Court of Criminal Appeals has not directly answered to date is *when* can these be appealed. Because *Joyner, Ray,* and *McCullough* may be construed to hold that an appellant placed on deferred adjudication community supervision is not restricted by the normal appellate timetables promulgated in Tex.R.App.P. 26.2 to appeal alleged errors occurring at that original proceeding, we will, out of an abundance of precaution, address Cutrer's contentions on the merits.

■ First, Cutrer argues that the trial court's failure to admonish him on the consequences of his nolo contendere plea pursuant to Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 & Supp.1999) rendered his plea unknowing and involuntary. Article 26.13 governs the admonishments to be given by the court before accepting a plea of guilty or nolo contendere. Article 26.13(a) provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
> (1) the range of the punishment attached to the offense;
> (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

> (3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and
> (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Tex.Code Crim.Proc.Ann. art. 26.13(a) (Vernon 1989). The court may make the admonitions required by Article 26.13 either orally or in writing. Tex.Code Crim. Proc.Ann. art. 26.13(d) (Vernon 1989). If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. *Id.* When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. *Kirk v. State,* 949 S.W.2d 769, 771 (Tex.App.—Dallas 1997, pet. ref'd); *Richard v. State,* 788 S.W.2d 917, 920 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The burden then shifts to the defendant to show that he did not understand the consequences of his plea. *Kirk,* 949 S.W.2d at 771; *Richard,* 788 S.W.2d at 920.

The record in the instant case reflects that the court admonished Cutrer in writing. The admonishment stated:

> 1. You are charged with the crime of Aggravated Robbery with two enhancement paragraphs and the range of punishment is 25–99 years or life confinement in T.D.C.
>
> . . . .

**3.** We also note that our holding in *Session v. State,* 978 S.W.2d 289 (Tex.App.—Texarkana 1998, no pet. h.), which allows an appellant to appeal the voluntariness of a plea in addition to those terms listed in Tex.R.App.P. 25.2, is not changed by this opinion.

2. Any recommendation as to what your punishment should be by the prosecuting attorney is not binding on the Court. I will follow the plea bargain agreement in this case, if there is one, unless evidence is presented that makes me unable to do so and, if so, I will tell you and allow you to withdraw your plea.

3. If judgment is rendered in this case and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, in order to prosecute an appeal for a non-jurisdictional defect or error that occurred prior to the entry of the plea, the Notice of Appeal shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

4. If you are not a citizen of the United States of America, a plea of guilty or nolo contendere before me for the offense charged may result in your deportation, the exclusion from admission to this country, or a denial of naturalization under Federal Law.

These admonishments were signed by Cutrer and his attorney under an acknowledgment, which stated: "I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonitions, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the Court in this document." The admonishment given to Cutrer complies with the requirements of Article 26.13. The presence of the Article 26.13 admonishment in the record creates a prima facie showing that Cutrer's plea was knowing and voluntary. This Court finds no evidence that Cutrer did not understand the admonishments given to him by the trial court. He

has failed to direct this Court to evidence which would show that he did not understand the consequences of his plea. Thus, we find his plea was made voluntarily.

■ Cutrer also argues that the trial court failed to determine whether he was competent or whether his plea was the result of threats or promises. The test for competency is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether the accused has a rational as well as a factual understanding of proceedings. Tex.Code Crim. Proc.Ann. art 46.02, § 1(a) (Vernon 1979); *Sallings v. State,* 789 S.W.2d 408, 411 (Tex. App.—Dallas 1990, pet. ref'd). A defendant is presumed competent to stand trial unless he proves his incompetency by a preponderance of the evidence. Tex .Code Crim.Proc.Ann. art 46.02, § 1(b) (Vernon 1979); *Sallings,* 789 S.W.2d at 411. Tex. Code Crim.Proc.Ann. art. 46.02, § 2 (Vernon 1979) requires the trial court to conduct a nonjury hearing on whether to hold a jury trial on the defendant's competency if "evidence of the defendant's incompetency is brought to the attention of the court from any source." *Collier v. State,* 959 S.W.2d 621, 625 (Tex.Crim.App.1997). If the court determines that there is evidence to support a finding that the defendant is incompetent to stand trial or if, prior to the date set for a trial, the defendant files a written motion asserting that he is incompetent to stand trial, the issue of his competence to stand trial must be determined prior to trial. *See* Tex.Code Crim. Proc.Ann. art. 46.02, § 2(a). If a defendant fails to file a written motion challenging competency, the trial court, under the proper circumstances, may on its own motion make a pretrial determination of competency. *See Rodriquez v. State,* 816 S.W.2d 493, 495 (Tex.App.—Waco 1991, pet. ref'd). A competency hearing is only required if evidence[4] brought to the

---

4. The trial court can consider evidence from any source which, prior to the trial and during the course of the trial, the court receives raising a reasonable doubt about the defendant's competency to stand trial. *See Collier*

*v. State,* 959 S.W.2d 621, 625 (Tex.Crim.App. 1997); *Mata v. State,* 632 S.W.2d 355 (Tex. Crim.App. [Panel Op.] 1982); *Ryan v. State,* 937 S.W.2d 93 (Tex.App.—Beaumont 1996,

judge's attention raises a bona fide doubt in the judge's mind as to the defendant's competency to stand trial. *See Collier,* 959 S.W.2d at 625. A bona fide doubt is raised only if evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. *Id.*

Cutrer did not file a written pretrial motion asserting that he was incompetent to stand trial; therefore, he was entitled to a pretrial determination of his competency only if the court had a bona fide doubt as to Cutrer's competency to stand trial. Because Cutrer did not introduce evidence indicating recent severe mental illness, at least moderate mental retardation, or truly bizarre acts, the trial court was not required to hold a competency hearing.

Contrary to Cutrer's contention, the trial court made a finding of his competency in its order placing him on deferred adjudication supervision. Further, Cutrer and his counsel signed a plea agreement which contains a voluntary statement that Cutrer was competent. Cutrer's contention that the trial court failed to determine his competency is without merit.

■ It is well settled that where the trial court substantially complies with the admonishment requirements set forth in Article 26.13, a prima facie case has been made that the plea made pursuant to such admonishments is voluntary. *Thomas v. State,* 932 S.W.2d 128, 130 (Tex.App.—San Antonio 1996, no pet.). Cutrer did not cite to anything (and we could not find anything) in the record which shows that Cutrer entered his plea due to threats, promises, or any other undue influence. The record, to the contrary, demonstrates that Cutrer freely and voluntarily entered his plea.

■ Cutrer also contends that the trial court erred when it failed to determine his citizenship. The authority Cutrer cites can be distinguished from the present case. In *Thomas,* 932 S.W.2d 128, and *Britton v. State,* 887 S.W.2d 188 (Tex. pet. ref'd); *Valdes–Fuerte v. State,* 892 S.W.2d

App.—Fort Worth 1994, pet. ref'd), the trial court failed to admonish the defendant in accordance with Article 26.13(a)(4) regarding the potential consequences of a plea of guilty or nolo contendere by a noncitizen defendant. Here the trial court did admonish Cutrer in accordance with this provision. Accordingly, Cutrer's contention is overruled.

■ Cutrer makes a separate contention that the trial court's failure to admonish him of the consequences of violating deferred adjudication under TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1999) rendered his plea involuntary. Article 42.12, § 5(b) provides in part:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.1999).

Cutrer's contention that he did not receive these warnings is without merit. The record reflects that the court admonished Cutrer in writing in compliance with Article 42.12, § 5. The Article 42.12, § 5(b) admonishment was part of the same document which contained his Article 26.13 admonishment. The admonishment stated:

103 (Tex.App.—San Antonio 1994, no pet.).

If you receive deferred adjudication and a violation of probation occurs, you may be arrested, detained, and a hearing conducted, limited to the determination of whether the court should proceed to adjudication of guilt on the original charge or not. No appeal may be taken from this determination. If there is an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and your right to appeal continue as if the adjudication of guilt had not been deferred. If there is an adjudication of guilt, the full range of punishment would be applicable to your case.

This admonishment was signed by Cutrer and his attorney under the same acknowledgment quoted previously.

The admonishment given to Cutrer complies with the requirements of Article 42.12, § 5(b). The record reveals that Cutrer did receive admonitions regarding the consequences of violating his community supervision. This contention is overruled.

Cutrer also argues that, had he understood the consequences of violating deferred adjudication community supervision, he would have requested a jury trial. Because we have already determined that Cutrer knew the consequences of violating deferred adjudication community supervision, we need not address this contention.

The judgment of the trial court is affirmed.