Cantu v. State

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-098-CR

ARMANDO RIVERA CANTU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Armando Rivera Cantu appeals from his conviction for possession of less than one gram of methamphetamine.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Appellant’s counsel presents a discussion of two potential sources of error:  whether the trial court improperly denied the defense’s motion for continuance and whether defense counsel was ineffective for failing to file a proper written motion for continuance.  Appellant has also filed a pro se brief, in which he complains that his trial counsel was ineffective, his guilty plea was involuntary, the State did not honor the plea agreement, and the trial court improperly denied his motions to substitute counsel and for a continuance. Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).

In the first potential ground for error, appellate counsel points out that appellant could argue that the trial court abused its discretion by denying the defense’s motion for continuance.  In his pro se brief, appellant also complains that the trial court erred by not granting a continuance. 

Three days before trial, defense counsel filed a motion for continuance.  The motion requested a continuance to “review the implications” of a videotape of the traffic stop that gave rise to appellant’s arrest, which the State had provided only one day earlier.  The motion stated that the videotape would allow appellant to identify and locate the other occupant of the vehicle, who could corroborate appellant’s version of his encounter with the police that led to his arrest. 

We review a trial court’s ruling on a motion for continuance under an abuse of discretion standard.  
Smith v. State,
 721 S.W.2d 844, 850 (Tex. Crim. App. 1986).  When a continuance is sought due to the absence of a witness, the motion must state, among other things, the witness’s name, the facts the witness is expected to prove, and that the witness is not absent by the procurement or consent of the defendant.  
Tex. Code Crim. Proc. Ann.
 art. 29.06 (Vernon 1989).  In this case, appellant’s motion for continuance does not state any of these things. 

At the hearing on the motion, defense counsel informed the court that, after viewing the videotape, appellant now knew that the vehicle’s other occupant was named Joe Scott Brown.  The defense did not, however, state the facts that they expected Brown to prove at trial.  Instead, defense counsel requested time to locate and interview Brown “to see if his version of the incident is helpful or not to the defense.”  Finally, appellant failed to explain why Brown’s absence was not due to appellant’s procurement or consent, i.e., why appellant had been unable to identify Brown before viewing the videotape.  Accordingly, we hold that the trial court did not abuse its discretion by denying the motion for continuance.  
See Smith,
 721 S.W.2d at 850.  We overrule the first potential ground for error and appellant’s complaint based on lack of a continuance.

In the second potential ground for error, appellate counsel points out that appellant could argue that trial counsel was ineffective for failing to comply with article 29.06's requirements governing written motions for continuance. Appellant also complains that his trial counsel was ineffective for the following reasons:  encouraging appellant to plead guilty rather than “consulting [appellant’s] story”; not being ready for trial; not discussing trial motions or strategies with appellant; ignoring possible defense strategies, such as unlawful stop, racial profiling, and illegal search; failing to advise appellant that he would not “get less time from the jury” if he pleaded guilty; and failing to inform appellant that the State would bring up both his past convictions and another drug-related charge pending against him at the punishment phase of trial. 
 We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

“[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland,
 466 U.S. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.
 

The reasonableness of counsel's choices often involves facts that do not appear in the appellate record.  
Mitchell v. State,
 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Therefore, t
rial counsel ordinarily should be afforded an opportunity to explain his actions before being denounced as ineffective.  
Rylander v. State
, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).
  Under normal circumstances, the record on direct appeal is insufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional.  
Bone v. State,
 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

In this case, the record does not, as appellate counsel acknowledges, affirmatively demonstrate that trial counsel was ineffective for failing to file a written motion for continuance that fully complied with article 29.06.  Trial counsel first learned of the videotape, which was the basis for the motion, the day before the motion was filed.  In addition, the record from the hearing on the motion shows that trial counsel did not have any information beyond what was included in the motion.  Therefore, we cannot conclude that trial counsel’s performance in failing to file a proper written motion for continuance was deficient.  
Strickland,
 466 U.S. at 690, 104 S. Ct. at 2066.

Moreover, the record does not affirmatively demonstrate that trial counsel was ineffective for the reasons appellant argues.  Indeed, the record simply is too undeveloped to reflect trial counsel’s alleged failings.  
See Bone,
 77 S.W.3d at 833.  For example, the record contains no evidence to support appellant’s contentions that trial counsel only encouraged appellant to plead guilty rather than listening to appellant’s “story,” failed to discuss motions or strategies with appellant, ignored possible defense strategies, or failed to inform appellant that the jury would not give him less time if he pleaded guilty.

Further, the record shows that appellant knew before entering his guilty plea that the State would probably inform the jury of both his prior conviction and the other drug-related charge that was pending against him.  Defense counsel informed appellant in open court that the State would probably inform the jury about appellant’s criminal history, including the other drug-related charge. 

Finally, the record shows that defense counsel was prepared for trial.  For example, defense counsel filed numerous pretrial motions, effectively informed and questioned the venire panel, successfully challenged a veniremember for cause, actively participated in the trial, put on evidence before the jury in an attempt to mitigate appellant’s sentence, and made an informed closing argument. 

For all of these reasons, we hold that the record does not support appellant’s ineffective assistance claim.  We overrule the second potential ground for error and appellant’s complaints based on ineffective assistance.

Next, appellant complains that the trial court erred by denying his motion to substitute counsel.  Appellant asserts that this motion should have been granted because his trial counsel was ineffective, prejudiced against appellant, and made unspecified “misrepresentation[s]” to appellant. 

As we have previously noted, the record does not demonstrate that trial counsel was ineffective.  Further, appointment of new counsel is a matter solely within the trial court’s discretion.  
Solis v. State,
 792 S.W.2d 95, 100 (Tex. Crim. App. 1990).  Conflicts of personality or disagreements between counsel and client are not automatic reasons for appointing new counsel.  
Id.
  The trial court is under no duty to search for counsel until an attorney is found who is agreeable to the accused.  
Id.

In this case, appellant argued to the trial court that trial counsel should be replaced because counsel had not communicated with appellant between December 17, 2003—when appellant’s bond for the instant offense was revoked and he was jailed on another drug-related charge—and about a week before appellant’s February 2, 2004 trial.  The perceived lack of communication between counsel and client is not, alone, a reason mandating appointment of new counsel.  
Carmell v. State,
 963 S.W.2d 833, 838 n.6 (Tex. App.—Fort Worth 1998, pet. ref’d), 
rev’d in part on other grounds,
 529 U.S. 513 (2000).  Further, the record shows that trial counsel had several contacts with appellant before December 17 regarding continuances, plea-bargain information, and the eventual February 2, 2004 trial setting.  Also, the trial court informed appellant of trial counsel’s history as a competent attorney whom the court had no doubt could represent appellant fairly.  Accordingly, we hold that the trial court did not abuse its discretion by denying appellant’s motion to substitute counsel.

Next, appellant complains that his guilty plea was not made voluntarily, but only as a result of his feeling “ambushed and betrayed by the entire system in Denton Co[unty].”  Appellant also contends that he pleaded guilty in hope for “possible leniency” in the jury’s assessment of punishment and because he was sure he would receive a new trial in light of all the injustices that had occurred.  The record does not, however, support appellant’s contentions that his plea was involuntary.

Defense counsel confirmed on the record that appellant understood the 

terms of the State’s plea-bargain offer,
(footnote: 2) the trial court admonished appellant in substantial compliance with article 26.13,
(footnote: 3) and appellant stated that he fully understood the plea agreement. 

When the record shows that the trial court properly admonished the defendant, it presents a prima facie showing that the guilty plea was knowing and voluntary.  
Cutrer v. State,
 995 S.W.2d 703, 707 (Tex. App.—Texarkana 1999, pet. ref’d); 
Tovar-Torres v. State,
 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.).  The burden then shifts to the defendant to establish that he did not understand the consequences of his plea.  
Tovar-Torres,
 860 S.W.2d at 178.  Appellant has made no such showing here.  The fact that appellant received a greater punishment than he had hoped for does not render his plea involuntary.  
Id.
  Therefore, we overrule appellant’s complaint regarding the voluntariness of his plea.

Finally, appellant complains that the State violated the terms of the plea- bargain agreement by mentioning the December 16, 2003 drug charge to the jury, when appellant “had no idea that it would.”  As we have previously noted, however, defense counsel informed appellant that the State would probably inform the jury about appellant’s criminal history, including the December 16 drug-related charge.  Therefore, we overrule this complaint.
(footnote: 4)
 In addition to the matters we have already addressed, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors; the indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004-05); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  Further, the punishment assessed is within the statutory range for the charged offense.  
See 
Tex. Health & Safety Code Ann
. § 481.115(b) (Vernon 2003); 
Tex. Penal Code Ann
. § 12.35(a) (Vernon 2003).  Therefore, having overruled all potential grounds for error as well as appellant’s pro se complaints, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2 (b)

DELIVERED: March 31, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The terms of the plea-bargain were that appellant would enter an open plea of guilty and have his punishment assessed by the jury.  In return, the State would allow appellant to plea-bargain for the same sentence for the second, December 16 drug-related offense and recommend that the two sentences run concurrently rather than consecutively. 

3:
Tex. Code Crim. Proc. Ann.
 art. 26.13 (Vernon Supp. 2004-05).

4:
We do not address appellant’s complaint that the State engaged in improper jury argument regarding the December 16 offense because appellant cites no legal authority to support it.  
See
 
Tex. R. App. P.
 38.1(h) (providing that arguments on appeal must provide appropriate citations to authorities).