COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-098-CR
 
 
ARMANDO RIVERA CANTU                                                    APPELLANT
 
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 362ND DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Armando 
Rivera Cantu appeals from his conviction for possession of less than one gram of 
methamphetamine. We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
arguably might support the appeal. See Mays v. State, 904 S.W.2d 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Appellant’s 
counsel presents a discussion of two potential sources of error: whether the 
trial court improperly denied the defense’s motion for continuance and whether 
defense counsel was ineffective for failing to file a proper written motion for 
continuance. Appellant has also filed a pro se brief, in which he complains that 
his trial counsel was ineffective, his guilty plea was involuntary, the State 
did not honor the plea agreement, and the trial court improperly denied his 
motions to substitute counsel and for a continuance.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). Because appellant entered an open plea 
of guilty, our independent review for potential error is limited to potential 
jurisdictional defects, the voluntariness of appellant’s plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea. Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers 
v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) disapproved on other 
grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001); Jack 
v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).
        In 
the first potential ground for error, appellate counsel points out that 
appellant could argue that the trial court abused its discretion by denying the 
defense’s motion for continuance. In his pro se brief, appellant also 
complains that the trial court erred by not granting a continuance.
        Three 
days before trial, defense counsel filed a motion for continuance. The motion 
requested a continuance to “review the implications” of a videotape of the 
traffic stop that gave rise to appellant’s arrest, which the State had 
provided only one day earlier. The motion stated that the videotape would allow 
appellant to identify and locate the other occupant of the vehicle, who could 
corroborate appellant’s version of his encounter with the police that led to 
his arrest.
        We 
review a trial court’s ruling on a motion for continuance under an abuse of 
discretion standard. Smith v. State, 721 S.W.2d 844, 850 (Tex. Crim. App. 
1986). When a continuance is sought due to the absence of a witness, the motion 
must state, among other things, the witness’s name, the facts the witness is 
expected to prove, and that the witness is not absent by the procurement or 
consent of the defendant. Tex. Code Crim. 
Proc. Ann. art. 29.06 (Vernon 1989). In this case, appellant’s motion 
for continuance does not state any of these things.
        At 
the hearing on the motion, defense counsel informed the court that, after 
viewing the videotape, appellant now knew that the vehicle’s other occupant 
was named Joe Scott Brown. The defense did not, however, state the facts that 
they expected Brown to prove at trial. Instead, defense counsel requested time 
to locate and interview Brown “to see if his version of the incident is 
helpful or not to the defense.” Finally, appellant failed to explain why 
Brown’s absence was not due to appellant’s procurement or consent, i.e., why 
appellant had been unable to identify Brown before viewing the videotape. 
Accordingly, we hold that the trial court did not abuse its discretion by 
denying the motion for continuance. See Smith, 721 S.W.2d at 850. We 
overrule the first potential ground for error and appellant’s complaint based 
on lack of a continuance.
        In 
the second potential ground for error, appellate counsel points out that 
appellant could argue that trial counsel was ineffective for failing to comply 
with article 29.06's requirements governing written motions for continuance. 
Appellant also complains that his trial counsel was ineffective for the 
following reasons: encouraging appellant to plead guilty rather than 
“consulting [appellant’s] story”; not being ready for trial; not 
discussing trial motions or strategies with appellant; ignoring possible defense 
strategies, such as unlawful stop, racial profiling, and illegal search; failing 
to advise appellant that he would not “get less time from the jury” if he 
pleaded guilty; and failing to inform appellant that the State would bring up 
both his past convictions and another drug-related charge pending against him at 
the punishment phase of trial.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel's performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        “[C]ounsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment.” Strickland, 
466 U.S. at 690, 104 S. Ct. at 2066. An allegation of ineffective assistance 
must be firmly founded in the record, and the record must affirmatively 
demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813. Our 
scrutiny of counsel's performance must be highly deferential, and every effort 
must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
reasonableness of counsel's choices often involves facts that do not appear in 
the appellate record. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. 
App. 2002). Therefore, trial counsel ordinarily should be afforded an 
opportunity to explain his actions before being denounced as ineffective. Rylander 
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Under normal 
circumstances, the record on direct appeal is insufficient to show that 
counsel's representation was so deficient and so lacking in tactical or 
strategic decision making as to overcome the presumption that counsel's conduct 
was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. 
Crim. App. 2002).
        In 
this case, the record does not, as appellate counsel acknowledges, affirmatively 
demonstrate that trial counsel was ineffective for failing to file a written 
motion for continuance that fully complied with article 29.06. Trial counsel 
first learned of the videotape, which was the basis for the motion, the day 
before the motion was filed. In addition, the record from the hearing on the 
motion shows that trial counsel did not have any information beyond what was 
included in the motion. Therefore, we cannot conclude that trial counsel’s 
performance in failing to file a proper written motion for continuance was 
deficient. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.
        Moreover, 
the record does not affirmatively demonstrate that trial counsel was ineffective 
for the reasons appellant argues. Indeed, the record simply is too undeveloped 
to reflect trial counsel’s alleged failings. See Bone, 77 S.W.3d at 
833. For example, the record contains no evidence to support appellant’s 
contentions that trial counsel only encouraged appellant to plead guilty rather 
than listening to appellant’s “story,” failed to discuss motions or 
strategies with appellant, ignored possible defense strategies, or failed to 
inform appellant that the jury would not give him less time if he pleaded 
guilty.
        Further, 
the record shows that appellant knew before entering his guilty plea that the 
State would probably inform the jury of both his prior conviction and the other 
drug-related charge that was pending against him. Defense counsel informed 
appellant in open court that the State would probably inform the jury about 
appellant’s criminal history, including the other drug-related charge.
        Finally, 
the record shows that defense counsel was prepared for trial. For example, 
defense counsel filed numerous pretrial motions, effectively informed and 
questioned the venire panel, successfully challenged a veniremember for cause, 
actively participated in the trial, put on evidence before the jury in an 
attempt to mitigate appellant’s sentence, and made an informed closing 
argument.
        For 
all of these reasons, we hold that the record does not support appellant’s 
ineffective assistance claim. We overrule the second potential ground for error 
and appellant’s complaints based on ineffective assistance.
        Next, 
appellant complains that the trial court erred by denying his motion to 
substitute counsel. Appellant asserts that this motion should have been granted 
because his trial counsel was ineffective, prejudiced against appellant, and 
made unspecified “misrepresentation[s]” to appellant.
        As 
we have previously noted, the record does not demonstrate that trial counsel was 
ineffective. Further, appointment of new counsel is a matter solely within the 
trial court’s discretion. Solis v. State, 792 S.W.2d 95, 100 (Tex. 
Crim. App. 1990). Conflicts of personality or disagreements between counsel and 
client are not automatic reasons for appointing new counsel. Id. The 
trial court is under no duty to search for counsel until an attorney is found 
who is agreeable to the accused. Id.
        In 
this case, appellant argued to the trial court that trial counsel should be 
replaced because counsel had not communicated with appellant between December 
17, 2003—when appellant’s bond for the instant offense was revoked and he 
was jailed on another drug-related charge—and about a week before 
appellant’s February 2, 2004 trial. The perceived lack of communication 
between counsel and client is not, alone, a reason mandating appointment of new 
counsel. Carmell v. State, 963 S.W.2d 833, 838 n.6 (Tex. App.—Fort 
Worth 1998, pet. ref’d), rev’d in part on other grounds, 529 U.S. 513 
(2000). Further, the record shows that trial counsel had several contacts with 
appellant before December 17 regarding continuances, plea-bargain information, 
and the eventual February 2, 2004 trial setting. Also, the trial court informed 
appellant of trial counsel’s history as a competent attorney whom the court 
had no doubt could represent appellant fairly. Accordingly, we hold that the 
trial court did not abuse its discretion by denying appellant’s motion to 
substitute counsel.
        Next, 
appellant complains that his guilty plea was not made voluntarily, but only as a 
result of his feeling “ambushed and betrayed by the entire system in Denton 
Co[unty].” Appellant also contends that he pleaded guilty in hope for 
“possible leniency” in the jury’s assessment of punishment and because he 
was sure he would receive a new trial in light of all the injustices that had 
occurred. The record does not, however, support appellant’s contentions that 
his plea was involuntary.
        Defense 
counsel confirmed on the record that appellant understood the terms of the 
State’s plea-bargain offer,[2] the trial court 
admonished appellant in substantial compliance with article 26.13,[3] and appellant stated that he fully understood the plea 
agreement.
        When 
the record shows that the trial court properly admonished the defendant, it 
presents a prima facie showing that the guilty plea was knowing and voluntary. Cutrer 
v. State, 995 S.W.2d 703, 707 (Tex. App.—Texarkana 1999, pet. ref’d); Tovar-Torres 
v. State, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.). The burden 
then shifts to the defendant to establish that he did not understand the 
consequences of his plea. Tovar-Torres, 860 S.W.2d at 178. Appellant has 
made no such showing here. The fact that appellant received a greater punishment 
than he had hoped for does not render his plea involuntary. Id. 
Therefore, we overrule appellant’s complaint regarding the voluntariness of 
his plea.
        Finally, 
appellant complains that the State violated the terms of the plea- bargain 
agreement by mentioning the December 16, 2003 drug charge to the jury, when 
appellant “had no idea that it would.” As we have previously noted, however, 
defense counsel informed appellant that the State would probably inform the jury 
about appellant’s criminal history, including the December 16 drug-related 
charge. Therefore, we overrule this complaint.[4]
        In 
addition to the matters we have already addressed, our independent review of the 
record shows that there is no error that arguably might support an appeal or 
require reversal. There are no jurisdictional errors; the indictment conferred 
jurisdiction on the trial court and provided appellant with sufficient notice to 
prepare a defense.  See Tex. 
Const. art. V, § 12(b); Tex. Code 
Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05); Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Further, the punishment assessed 
is within the statutory range for the charged offense. See Tex. Health & Safety Code Ann. § 
481.115(b) (Vernon 2003); Tex. Penal Code 
Ann. § 12.35(a) (Vernon 2003).  Therefore, having overruled all 
potential grounds for error as well as appellant’s pro se complaints, we grant 
appellate counsel’s motion to withdraw and affirm the trial court’s 
judgment.
  
   
                                                                  PER 
CURIAM
 
 
 
PANEL F:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2 (b)
 
DELIVERED: March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The terms of the plea-bargain were that appellant would enter an open plea of 
guilty and have his punishment assessed by the jury.  In return, the State 
would allow appellant to plea-bargain for the same sentence for the second, 
December 16 drug-related offense and recommend that the two sentences run 
concurrently rather than consecutively.
3.  
Tex. Code Crim. Proc. Ann. art. 
26.13 (Vernon Supp. 2004-05).
4.  
We do not address appellant’s complaint that the State engaged in improper 
jury argument regarding the December 16 offense because appellant cites no legal 
authority to support it.  See Tex. 
R. App. P. 38.1(h) (providing that arguments on appeal must provide 
appropriate citations to authorities).