

# NUMBER 13-22-00266-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE DELFINO MOLINA AYALA JR.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion on Remand by Justice Tijerina**

Appellant Delfino Molina Ayala Jr. appeals the trial court's order denying his application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. By what we construe as two issues, Ayala contends that he is entitled to habeas corpus relief because (1) he was denied his due process rights due to ineffective assistance of counsel during the plea proceedings and (2) the trial court that held the plea hearing committed reversible error by failing to deliver article 26.13 admonishments. *See id.* art. 26.13. We

affirm.[1]

# I.    BACKGROUND

A grand jury indicted Ayala for possession of marihuana, a third-degree felony, occurring on or about May 10, 2012, at the Border Patrol checkpoint in Sarita, Kenedy County, Texas. On October 15, 2012, Ayala pleaded guilty to the charged offense. The plea hearing court deferred adjudication and sentenced Ayala to three years' community supervision, which Ayala successfully completed. On November 10, 2015, the court signed an order terminating community supervision and dismissing the indictment.

On May 6, 2022, Ayala filed an application for writ of habeas corpus pursuant to 11.072 of the Texas Code of Criminal Procedure alleging that he received ineffective assistance of counsel and that the plea hearing court failed to properly admonish him. *See id.* The trial court denied habeas corpus relief and entered findings of fact and conclusions of law. In his application for writ of habeas corpus, Ayala, stated that he "is facing mandatory deportation and has been unable to obtain certain employment due to the instant legal proceedings." Ayala now appeals.

# II.    STANDARD OF REVIEW

An individual sentenced to community supervision may challenge his guilty plea by filing a petition for writ of habeas corpus pursuant to article 11.072. *See id.* art. 11.072. Generally, to be entitled to habeas relief, the applicant must prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim.

---

[1] The Texas Court of Criminal Appeals vacated our original memorandum opinion dismissing this cause and remanded it to this Court. *Ex parte Ayala*, No. PD-0493-22, 2022 WL 16627254, at *1 (Tex. Crim. App. Nov. 2, 2022) (per curiam) (not designated for publication).

App. 2002). We review a trial court's decision denying habeas relief by viewing the facts in the light most favorable to the trial court's ruling, and we will uphold the decision absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We must afford almost total deference to the trial court's determination of the historical facts if they are supported by the record. *Ex parte Garza*, 192 S.W.3d 658, 661 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). We will review the trial court's decision de novo if the resolution of the ultimate question turns on an application of legal standards. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Ayala contends that he was entitled to habeas relief because his plea counsel rendered ineffective assistance. Specifically, Ayala argues that his plea counsel was ineffective because he (1) "failed to correctly inform [him] of the 'truly clear' immigration consequences of the plea of guilty";[2] (2) "failed to conduct a sufficient investigation and adequately prepare to prevent and correct a plea of guilty to an unindicted offense with an unspecified range of punishment and in an incorrect venue and without any evidentiary support"; and (3) "failed to conduct a sufficient investigation and adequately prepare to advise the Appellant if this was an 'open' plea or 'a plea bargain.'"

### A.    Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two-part test

---

[2] Ayala does not state that he has been deported.

3

articulated by the Supreme Court in *Strickland v. Washington*. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel's performance was deficient, or in other words, that counsel's assistance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 687. Then appellant must show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694.

**B.    Immigration Consequences**

We determine prejudice due to inadequate legal representation on a "case-by-case examination" of the "totality of the evidence." *Williams v. Taylor*, 529 U.S. 362, 391 (2000); *Strickland*, 466 U.S. at 695. When, as here, a defendant argues that he was prejudiced because he pleaded guilty due to counsel's errors, we examine whether the defendant demonstrated that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 582 U.S. 357, 358 (2017). When deciding if a defendant would not have pleaded guilty but for a trial counsel's deficient advice on immigration consequences, we review the "contemporaneous evidence to substantiate [the] defendant's expressed preferences." *Rodriguez v. United States*, 730 Fed. App'x 39, 43 (2d Cir. 2018); *see also Ex parte Gallegos*, No. 13-20-00320-CR, 2022 WL 17260517, at *6 (Tex. App.—Corpus Christi–Edinburg Nov. 29, 2022) (mem. op., not designated for publication).

In *Lee*, the United States Supreme Court acknowledged that in *Hill*, it had "rejected

4

[a] defendant's [ineffective assistance of counsel] claim because he had 'alleged no special circumstances that might support the conclusion that he placed a particular emphasis on his parole eligibility in deciding whether or not to plead guilty.'" 582 U.S. at 365 (quoting *Hill v. Lockhart*, 474 U.S. 52, 60 (1985)). Nonetheless, the *Lee* Court distinguished the facts in *Lee* from *Hill*, noting that Lee had stated that he would not have pleaded guilty had he been aware that he would be deported and insisted that "he would have gambled on trial, risking more jail time for whatever small chance there might be of an acquittal that would let him remain in the United States." *Lee*, 582 U.S. at 366. Thus, the Court found that Lee had established that he suffered prejudice due his trial counsel's deficient performance. *Id.*

Here, the habeas court did not conduct an evidentiary hearing, and the transcript for the plea hearing is not included in the appellate record.[3] Unlike in *Lee*, where Lee and his attorney testified that deportation was the determinative issue in Lee's decision to plead guilty to drug charges instead of pursuing trial, Ayala did not emphasize that deportation was the determinative issue in his decision to plead guilty. *See Lee*, 582 U.S. at 366; see also *Ex parte Gallegos*, 2022 WL 17260517, at *6 (finding that the appellant had not shown like the defendant in *Lee* that his paramount concern in determining whether to plead guilty was whether he would be deported). There is nothing in the record showing that Ayala alleged any special circumstances at the time of his plea hearing that might support the conclusion that he placed a particular emphasis on deportation when

---

[3] Ayala does not complain that the habeas court should have conducted a hearing in this case. *See Ex parte Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975) (op. on reh'g) (setting out that the trial court is not required to hold a hearing on the applicant's petition for writ of habeas corpus in some instances).

he decided to plead guilty. *See Lee*, 582 U.S. at 365. Ayala did not establish at his plea hearing that he emphasized that his sole concern with respect to his sentence was to ensure that he would be allowed to continue working in the United States or that he had a strong family connection with the United States. *See Rodriguez*, 730 Fed. App'x at 44; *see also Ex parte Gallegos*, 2022 WL 17260517, at \*9 (concluding that Gallegos had not established ineffective assistance of counsel because "[t]here was no testimony from [Gallegos's trial counsel], Gallegos, or Gallegos's sister (who was at the legal consultation) regarding Gallegos's concern for his family should he be deported").

Reviewing the facts in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion by concluding that Ayala had not established that he was prejudiced by his trial counsel's failure to advise him that if he pleaded guilty, he would be deported. *See Rodriguez*, 730 Fed. App'x at 44; *see also Ex parte Gallegos*, 2022 WL 17260517, at \*9—10 (explaining "that Gallegos's 'determinative issue' in deciding to plead guilty was 'that he did not want to go to prison and that he wanted [his trial counsel] to try anything and everything to get him probation and "[n]either his testimony by affidavit or at the hearing, nor that of [his trial counsel], establish that deportation was a 'determinative issue' for him in deciding whether to plead guilty").

## C.    Sufficient Investigation

Next, Ayala argues that his plea counsel was deficient because he did not conduct a sufficient investigation for various reasons. There is nothing in this record supporting a finding that Ayala's plea counsel failed to conduct a sufficient investigation. *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (setting out that the ineffectiveness must

6

be firmly founded in the record (quoting *Thompson*, 9 S.W.3d at 813–14)). Therefore, this allegation is not firmly founded in the record, and we are unable to conclude that Ayala's plea counsel's performance was deficient on this basis. *See id.* Moreover, there is nothing in the record showing that Ayala would not have pleaded guilty absent the allegedly deficient investigation conducted by his plea counsel.[4] *See Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694; *see also Ex parte Lopez*, No. 03-23-00272-CR, 2023 WL 8262832, at *5 (Tex. App.—Austin Nov. 30, 2023, no pet.) (mem. op., not designated for publication) ("[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). We overrule Ayala's first issue.

## IV.    INVOLUNTARY PLEA

By his second issue, Ayala contends that the guilty plea was involuntary because the plea hearing court failed to properly admonish him pursuant to article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. Specifically, Ayala complains that: (1) the plea hearing court did not admonish him that the offense had not occurred in Kleberg County, where he was indicted; (2) the plea hearing court's written admonishments "are wholly silent as to the offense charged, . . . the date of the offense," and the punishment range; and (3) the plea hearing "court failed to properly acknowledge [or certify] that the admonishments were in fact

---

[4] Ayala appears to claim that his plea counsel allowed him to be tried in a court that lacked jurisdiction because the crime occurred in Kenedy County. However, the code of criminal procedure allows a marihuana possession charge alleged to have been committed in Kenedy County to be tried in Kleberg County with the defendant's consent. *See* TEX. CODE CRIM. PROC. ANN. art. 13.22. Ayala consented to the venue in his plea papers. Thus, this claim is unsubstantiated.

7

administered as required by Article 36.14 [sic]."[5] Ayala's plea hearing documents are

included in the record.

> The trial court found as follows:

> The record reflects that [Ayala] signed written admonishments, a plea agreement, and a judicial confession and stipulation, acknowledging that he was charged with Possession of Marihuana, that he faced the third-degree felony punishment range of 2 to 10 years, that he was mentally competent, that he understood the nature of the charges against him, that he understood the admonishments, that he fully understood the consequences of his plea, that all the documents were read to him in his native language, and that his plea was freely and voluntarily made.

> . . . .

> Counsel for [Ayala] at the plea certified that [Ayala] was mentally competent and sane at the time of the plea, and that he understood the nature of the accusation and of the proceedings; that he had discussed the facts of the case and the applicable law with [Ayala]; that [Ayals's] plea was made freely and voluntarily, knowingly and intelligently, and with Counsel's consent; that [Ayala]was fully aware of the consequences of his plea, knew the range of punishment, and understood all of the admonishments given to him by the Court in writing.

> Ayala's plea counsel signed the certificate of consultation and consent to waiver,

which states:

> [I] hereby certify that I have read and explained all of the Court's written admonishments to [Ayala], the applicable range of punishment and the waiver of rights. [Ayala] understands and can read the English language; if he/she cannot read but does understand English, I have had the document

---

[5] We note that only Ayala's complaint regarding the punishment range falls under the purview of Article 26.13. *See* TEX. CODE CRIM. PROC. ANN. art. 26.14 (setting out that before accepting a guilty plea, the trial court must admonish the defendant of the range of punishment, the fact that the prosecutor's punishment recommendation is not binding on the trial court, the defendant has a right to withdraw a guilty plea when the trial court rejects a plea agreement between the defendant and the State, if the punishment assessed does not exceed the plea agreement, the defendant must have the trial court's permission to file an appeal of the judgment, that the defendant's guilty plea may result in deportation if the defendant is not a citizen of the United States of America, if the defendant is required to register pursuant to Chapter 62 and placed on deferred adjudication supervision, the defendant must meet those registration requirements, the trial court may "release the defendant from the penalties and disabilities resulting from the offense as provided by Article 42A.701(f)" once the defendant fulfills conditions of community supervision).

read to him/her in my presence; if he/she does not understand English, I have had the certified language interpreter orally translate and interpret the document to him/her in my presence in the language of his/her understanding. In my opinion, [Ayala] is mentally competent today and was sane at the time of the commission of the offense. He/She understands the nature of the accusation against him/her and of the proceedings herein. We have discussed the facts of the case and the applicable law. His/Her plea of guilty/nolo contendere is made freely and voluntarily, knowingly and intelligently, and is one with my advice and consent. [Ayala] is fully aware of the consequences of his/her plea, knows the range of punishment, and understands all of the admonishments given to him/her by the Court in writing. [Ayala] understands that if the Court accepts the plea bargain agreement, he/she will waive his/her right of appeal; if there is no plea bargain agreement, he/she understands the consequences of entering a plea of guilty or nolo contendere without a plea bargain agreement. I agree and consent to his/her waiver of rights.

In its order approving Ayala's written statements and waivers, the plea hearing court stated the following:

Prior to the hearing on the Defendant's plea of guilty or nolo contendere, the Court tendered to Defendant the document containing the "Court's Written Admonishments to Defendant on Defendant's Plea of Guilty or Nolo Contendere," the "Court's Written Admonishments on Range of Punishment," and "Defendant's Statement Understanding Admonishments," and "'Defendant's Waiver of Rights."

During the hearing, the Court received and reviewed the Defendant's sworn statement that he/she understands the Court's written admonishments and waiver of rights as stated above, The Court finds that said statement and waiver and the attorney's certificate are in due and proper form; that the Defendant fully understands all of the admonishments given to him/her in writing; that the Defendant is aware of the range of punishment applicable in this case; that the Defendant is mentally competent and was sane at the time of the commission of the offense; that his/her plea is made freely and voluntarily, knowingly and intelligently, and made with the advice and consent of his attorney; that the Defendant understands his/her rights; and that the Defendant has freely and voluntarily, and knowingly and intelligently waived all of his rights.

Additionally, Ayala signed the plea agreement stating that he is charged with possession of marihuana by indictment, which is a third-degree felony. Finally, in his

9

signed judicial confession, Ayala stated that he is pleading "guilty to the offense of FELONY UNLAWFUL POSSESSION OF MARIHUANA because I am guilty" and that his "plea is freely, voluntarily, knowingly, and intelligently given." Ayala judicially confessed that "on May 10, 2012, in KENEDY County, Texas, I did then and there knowingly and intelligently possess a usable quantity of marihuana in an amount of fifty pounds or less but more than five pounds." The indictment was attached to the stipulation. It stated that Ayala was indicted for the offense of felony unlawful possession of marihuana in that on or about May 10, 2012, Ayala "in Kenedy County, Texas, [he] did then and there knowingly and intentionally possess a usable quantity of marihuana in an amount of fifty (50) pounds or less but more than five (5) pounds."

Thus, contrary to Ayala's claims, the record before us shows that Ayala was properly admonished that he was being charged with the offense of possession of marihuana, a third-degree felony with a punishment range of two to ten years. Moreover, Ayala signed the plea documents acknowledging that he understood the charge against him, "that he understood the admonishments, that he fully understood the consequences of his plea, that all the documents were read to him in his native language, and that his plea was freely and voluntarily made." Accordingly, Ayala's assertions that he was not properly admonished of the charged offense and its range of punishment are without merit. *See id.* art. 26.13(c) ("In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."); *Thomas v. State*, 932 S.W.2d 128, 130 (Tex. App.—San

10

Antonio 1996, no pet.) (determining that the trial court substantially complied with article 26.13 in its written admonishments).

As to his claim that he was not notified that, although the offense occurred in Kenedy County, he was being tried in Kleberg County, Ayala does not point to any provision in article 26.13 or elsewhere requiring such an admonition. In any event, the plea document demonstrates that Ayala waived any objection to venue. Specifically, Ayala initialed where it states:

> I understand that a criminal case is ordinarily prosecuted in the county in which the offense occurred. I hereby agree to the prosecution and disposition of my case in a county other than that in which the offense occurred, and hereby consent to venue as provided by Chapter 13, Texas Code of Criminal Procedure.

Ayala also signed the form wherein this statement was initialed. Thus, Ayala was informed that the offense was alleged to have been committed in a county other than the one in which the case was brought. We overrule Ayala's second issue.[6]

## V.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of March, 2024.

---

[6] The State argues that we should affirm the trial court's denial of Ayala's petition for writ of habeas corpus due to laches. However, because we have affirmed the judgment on other grounds, we need not address this argument. *See* TEX. R. APP. P. 47.1.